UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JERMEAL WHITE, <br>     Plaintiff, | Case No. 1:20-cv-101 |
| vs. | Black, J. <br> Bowman, M.J. |
| WARDEN R. ERDOS, et. al, <br>     Defendants. | **ORDER AND REPORT** <br> **AND RECOMMENDATION** |

Plaintiff, a prisoner at the Southern Ohio Correctional Facility (SOCF), has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 against defendants Warden R. Erdos, Unit Manager Chief Cynthia Davis, and four John Doe Correction Officers. (Doc. 1). Plaintiff has also filed three motions for leave to file amended complaints which add additional factual allegations. (Doc. 5, 8, 9). Plaintiff's motions (Doc. 5, 8, 9) are hereby **GRANTED.**

By separate Order, plaintiff has been granted leave to proceed *in forma pauperis*. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

This matter is also before the Court on plaintiff's motion for a preliminary injunction and temporary restraining order. (Doc. 2).

**I. The Complaint**

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v.*

*Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

In the original complaint, plaintiff alleges that on December 30, 2019, defendant John Doe Correctional Officer told plaintiff that he was going to mess with him. (Doc. 1 at PageID 3). Defendant John Doe ordered plaintiff to cuff up for a cell search. (*Id.* at PageID 4). Plaintiff informed the officer that he would not cuff up because he did not feel safe. According to plaintiff, Doe is required to notify a supervisor in this circumstance, but instead sprayed plaintiff in the face with O.C. spray. Plaintiff alleges that Doe falsely justified his actions by stating that plaintiff spit on him. Plaintiff further alleges that after Officer John Doe and his partner left plaintiff's cell, defendant Lt. John Doe arrived and also "instantly sprayed O.C. in Plaintiff['s] cell for no reason." (*Id.* at PageID 5). Plaintiff claims that prison policy requires officers to respond to plaintiff's cell with a hand video recording, giving plaintiff a chance to cuff up before spraying him.

Following the incident, plaintiff claims that the unidentified John Doe defendants applied extreme force by bending his hands in an attempt to break them. He further alleges that one of the officers threw him into the window so hard that his shoulder was cut "and split real bad." According to plaintiff, after being placed in a wheel chair, he was again sprayed with O.C. spray in his face. (*Id.* at PageID 6). Plaintiff claims he was taken to the hospital for his shoulder injuries, which required stitches.

Plaintiff claims that he has filed three prior lawsuits concerning different incidents and repeatedly notified defendant Unit Manager Cynthia Davis of his fear for his safety. However, he claims that Davis is indifferent to his safety and kept him in harm's way. Plaintiff also reports—in the original complaint as well as his amended complaints (*see* Doc. 5, 8, 9[1])—that he has unsuccessfully attempted to use the grievance process.

For relief, plaintiff seeks declaratory relief and monetary damages. (Doc. 1 at Page ID 11).

At this stage in the proceedings, without the benefit of briefing by the parties to this action, the undersigned concludes that plaintiff may proceed with his Eighth Amendment claims against defendant Davis and the unnamed John Doe Defendants in their individual capacities. However, plaintiff's remaining claims should be dismissed. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

First, the complaint should be dismissed as to all defendants in their official capacities to the extent that plaintiff seeks monetary damages. Absent an express waiver, a state is immune from damage suits under the Eleventh Amendment. *P.R. Aqueduct & Sewer Auth. v. Metcalf &*

---

[1] Plaintiff's amended complaints include updates on the denial of his grievances and appeals. (*See* Doc. 5, 8, 9). Plaintiff filed a grievance against Defendant Davis, which was denied on March 3, 2020. (Doc. 5 at PageID 53). Plaintiff's appeal of the grievance disposition was denied on April 10, 2020. (Doc. 9 at PageID 99).

4

*Eddy*, 506 U.S. 139 (1993); *Edelman v. Jordan*, 415 U.S. 651 (1974).  The State of Ohio has not constitutionally nor statutorily waived its Eleventh Amendment immunity in the federal courts. *See Johns v. Supreme Court of Ohio*, 753 F.2d 524 (6th Cir. 1985); *State of Ohio v. Madeline Marie Nursing Homes*, 694 F.2d 449 (6th Cir. 1982).  The Eleventh Amendment bar extends to actions where the state is not a named party, but where the action is essentially one for the recovery of money from the state.  *Edelman*, 415 U.S. at 663; *Ford Motor Company v. Dept. of Treasury*, 323 U.S. 459, 464 (1945).  A suit against defendants in their official capacities would, in reality, be a way of pleading the action against the entity of which defendants are agents. *Monell*, 436 U.S. at 690.  Thus, actions against state officials in their official capacities are included in this bar.  *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70-71 (1989); *Scheuer v. Rhodes*, 416 U.S. 232 (1974).  *See also Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Co.*, 574 F.3d 334, 344 (6th Cir. 2009) ("[A]n official-capacity suit against a state official is deemed to be a suit against the state and is thus barred by the Eleventh Amendment, absent a waiver." (citation and ellipsis omitted)).  Therefore, all of the named defendants are immune from suit in their official capacities to the extent that plaintiff seeks monetary damages.

The complaint should also be dismissed against defendants Erdos.  Plaintiff claims that Warden Erdos is legally responsible for the operation of SOCF and the welfare of all inmates. (*See* Doc. 1 at PageID 2–3).  However, to the extent that plaintiff seeks to hold defendant Erdos liable based on his supervisory position, his claim rests on a theory of *respondeat superior*, which does not apply to § 1983 claims and may not serve as a basis for liability.  *See Iqbal*, 556 U.S. at 676; *Monell v. Dep't of Social Servs.,* 436 U.S. 658 (1978); *Hill v. Marshall,* 962 F.2d 1209, 1213 (6th Cir. 1992).  "[Section] 1983 liability of supervisory personnel must be based on

5

more than the right to control employees." *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984). Section 1983 liability is premised on active unconstitutional behavior and not a mere failure to act. *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). The mere fact that defendant Erdos is the Warden and at SOCF is not enough to impose liability under section 1983.

The complaint otherwise fails to state a claim upon which relief may be granted against defendant Erdos. Although plaintiff, without factual elaboration, asserts that Erdos knew about plaintiff's concerns, the complaint fails to allege facts to suggest that Erdos was deliberately indifferent to a substantial risk of harm. To state an Eighth Amendment claim against prison officials based on their failure to protect him from an attack, plaintiff must allege facts showing that defendants' conduct amounted to "deliberate indifference" to a known risk of harm to plaintiff. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994); *see also Vaughn v. Ricketts*, 859 F.2d 736, 741 (9th Cir. 1988) (finding that prison administrator's indifference to brutal behavior of guards towards inmates is sufficient to state an Eight Amendment claim), *overruled on other grounds by Koch v. Ricketts*, 68 F.3d 1191 (9th Cir. 1995). A prison official may be held liable for his failure to protect inmates from attacks only if he knows that an inmate faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847. Plaintiff's allegations against Erdos in this case do not plausibly suggest that he was aware that the John Doe defendants posed a known risk of harm to plaintiff, much less that he was deliberately indifferent to that risk. Accordingly, defendant Erdos should be dismissed as a defendant to this action.

Finally, to the extent that plaintiff may seek relief in connection with the investigation of his complaints or the grievance process, plaintiff fails to state a claim upon which relief may be granted. "There is no statutory or common law right, much less a constitutional right, to an

investigation." *Mitchell v. McNeil*, 487 F.3d 374, 378 (6th Cir. 2007); *see also Daniels v. Lisath*, No. 2:10-cv-968, 2011 WL 2710786, at *2 (S.D. Ohio July 13, 2011). Furthermore, to the extent that plaintiff claims that the grievance procedure failed to produce the correct outcome, this cannot give rise to a § 1983 claim because "[p]rison inmates do not have a constitutionally protected right to a grievance procedure." *Miller v. Haines*, No. 97–3416, 1998 WL 476247, at *1 (6th Cir. Aug.03, 1998) (citations omitted). Prison officials whose only roles "involve their denial of administrative grievances and their failure to remedy the alleged [unconstitutional] behavior'" cannot be liable under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Nor does a prison official's alleged failure to adequately investigate claims of misconduct rise to the level of "encouragement" that would make the official liable for such misconduct. *Knop v. Johnson*, 977 F.2d 996, 1014 (6th Cir. 1992); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Therefore, plaintiff has failed to state a claim upon which relief may be granted in connection with the investigation of his complaints or the grievance process.

Accordingly, in sum, plaintiff may proceed in this action with his Eighth Amendment claims against defendants Davis and the unidentified John Doe officers in their individual capacities. However, plaintiff has failed to provide summons and U.S. Marshal forms for service. It is therefore **ORDERED** that plaintiff, **within thirty (30) days** of the date of this Order, submit a completed summons and U.S. Marshal form for service on defendant Davis. Once the Court receives the requested summons and United States Marshal forms, the Court will order service of process by the United States Marshal.

Plaintiff's remaining claims should be dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

**II. Motion for a Preliminary Injunction and Temporary Restraining Order**

As noted above, plaintiff has also filed a motion for a preliminary injunction and temporary restraining order. (Doc. 2).

In determining whether to issue a preliminary injunction/temporary restraining order, this Court must balance the following factors:

1. Whether the party seeking the injunction has shown a "strong" likelihood of success on the merits;

2. Whether the party seeking the injunction will suffer irreparable harm absent the injunction;

3. Whether an injunction will cause others to suffer substantial harm; and

4. Whether the public interest would be served by a preliminary injunction.

*Liberty Coins, LLC v. Goodman*, 748 F.3d 682, 689-90 (6th Cir. 2014); *Overstreet v. Lexington-Fayette Urban Cty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) (citing *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000)). The four factors are not prerequisites but must be balanced as part of a decision to grant or deny injunctive relief. *In re DeLorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985). "[A] district court is not required to make specific findings concerning each of the four factors used in determining a motion for preliminary injunction if fewer factors are dispositive of the issue." *Jones v. City of Monroe*, 341 F.3d 474, 476 (6th Cir. 2003), *abrogated on other gds. by Anderson v. City of Blue Ash*, 798 F.3d 338, 357 (6th Cir. 2015).

"The purpose of a preliminary injunction is to preserve the status quo until a trial on the merits." *S. Glazer's Distributors of Ohio, LLC v. Great Lakes Brewing Co.*, 860 F.3d 844, 848-49 (6th Cir. 2017) (citing *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981)). When a prisoner requests an order enjoining a state prison official, the Court must "proceed with caution

and due deference to the unique nature of the prison setting." *White v. Corr. Med. Servs.*, No. 1:08-cv-277, 2009 WL 529082, at *2 (W.D. Mich. Mar. 2, 2009) (citing *Kendrick v. Bland*, 740 F.2d 432, 438 n. 3 (6th Cir. 1984); *Ward v. Dyke*, 58 F.3d 271, 273 (6th Cir. 1995)). In deciding if a preliminary injunction is warranted, the Court must "weigh carefully the interests on both sides." *Lang v. Thompson*, No. 5:10-cv-379-HRW, 2010 WL 4962933, at *4 (E.D. Ky. Nov. 30, 2010) (citing *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 931 (1975)). A preliminary injunction is an extraordinary remedy that should only be granted "upon a clear showing that the plaintiff is entitled to such relief." *S. Glazer's Distributors of Ohio, LLC*, 860 F.3d at 849 (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)); *see also Overstreet*, 305 F.3d at 573.

Plaintiff has not alleged facts sufficient to warrant a temporary restraining order/ preliminary injunction in this case. Plaintiff has made no attempt to apply the above factors to his situation. Accordingly, plaintiff has not established a substantial likelihood of success on the merits of his constitutional claims or that he will suffer irreparable harm absent a preliminary injunction. A preliminary injunction is also not warranted in this case because the purpose of a preliminary injunction—to preserve the status quo until a trial on the merits can be held, *see Southern Milk Sales, Inc. v. Martin*, 924 F.2d 98, 102 (6th Cir. 1991)—would not be served. The present status quo in this case is, according to plaintiff, that he has suffered numerous violations of his constitutional rights. The remedy plaintiff presently seeks is more than an injunction maintaining the status quo; he seeks an Order from this Court requiring defendants to affirmatively correct constitutional deficiencies yet to be proven. Such affirmative relief is generally beyond the scope and purpose of preliminary injunctive relief. *See id*.

Accordingly, it is **RECOMMENDED** that plaintiff's motion be denied.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The complaint be dismissed for failure to state a claim upon which relief may be granted, with the exception of plaintiff's Eighth Amendment claims against defendants Davis and the unidentified John Doe officers in their individual capacities. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

2. Plaintiff's motion for preliminary injunction/temporary restraining order (Doc. 2) be denied.

## IT IS THERFORE ORDERED THAT

1. Plaintiff's motions to amend (Doc. 5, 8, 9) are **GRANTED.**

2. Plaintiff, **within thirty (30) days** of the date of this Order, submit a completed summons and U.S. Marshal form for service on defendant Davis. Once the Court receives the requested summons and United States Marshal form, the Court will order service of process by the United States Marshal.

Before service may be issued upon any remaining John Doe defendants, plaintiff must file a motion to issue service setting forth the identities of the unidentified defendants. Plaintiff is therefore **ORDERED** to file a motion to issue service, including United States Marshal and summons forms, if and when plaintiff discovers the identity of the unnamed defendants through discovery. Plaintiff is advised that no service will be issued on the unnamed defendants unless plaintiff complies with this Order.

3. Plaintiff shall serve upon defendants or, if appearance has been entered by counsel, upon defendants' attorney(s), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the clerk of court a certificate stating the date a true and correct copy of any document was mailed to defendant or counsel. Any paper received by a district judge or magistrate judge which has

not been filed with the clerk or which fails to include a certificate of service will be disregarded by the court.

    4.   Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JERMEAL WHITE,
    Plaintiff,

vs.

WARDEN R. ERDOS, et. al,
    Defendants.

Case No. 1:20-cv-101

Black, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).