**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| JERMEAL WHITE, | Case No. 1:20-cv-101 |
| Plaintiff, | |
| | Black, J. |
| vs. | Bowman, M.J. |
| RON ERDOS, *et al.,* | |
| Defendants. | |

**REPORT AND RECOMMENDATION**

This civil rights action is now before the Court on Plaintiff's *pro se* motions for injunctive relief and for summary judgment. (Docs. 28, 29, 35). The motions will be address in turn.

**I.     Background and Facts**

Plaintiff Jermeal White is an inmate currently housed at the Southern Ohio Correctional Facility ("SOCF") (#654-040) in the custody of the Ohio Department of Rehabilitation and Correction ("ODRC"). On February 6, 2020, Plaintiff filed a Complaint against Defendants Warden Ron Erdos, Unit Manager Chief Cynthia Davis, and four John Doe Correction Officers. (Doc. 1). Plaintiff filed three motions for leave to file amended complaints to add additional factual allegations (Docs. 5, 8, 9), which the Court granted. (See Doc. 11). Plaintiff then filed a Motion for Leave to file [another] Amended Complaint to add the names of the John Doe Correction Officers. (Doc. 23). By entry dated September 2, 2020, the Court granted Plaintiff's Motion, which also included an order to serve the now named Correction Officers with summons and a copy of the Amended Complaint. (Docs. 24, 25, 26)). In his First Amended Complaint, Plaintiff alleged

Defendant John Doe Correction Officers used excessive force on him and that Unit Manager Chief Davis failed to protect him. (ECF. 12, PageID #120, 121).

The undesigned issued a Report and Recommendation and dismissed Warden Ron Erdos from the Complaint. (Doc.. 11, PageID #112). The Court permitted Plaintiff to proceed with his allegations against Defendant Davis and against the John Doe Correction Officers, all in their official capacities. (Id., PageID #113). Plaintiff seeks declaratory relief and monetary damages, (Doc. 1, PageID #11). On September 2, 2020, Plaintiff filed an Amended Complaint naming John Doe Officers as Justin Deerfield, William Bauer, Ryan Tabor and Joshua Kinner. (Doc. 25). On September 21, 2020, Defendant Cynthia Davis filed an Answer to Plaintiff's Amended Complaint. (Doc. 27).

On October 15, 2020, Plaintiff filed a Motion for Summary Judgment against Defendant Cynthia Davis. (Doc. 29). Thereafter, on November 20, 2020, Plaintiff filed his First Motion to Supplement his Motion for Summary Judgment (Doc. 33) for which Defendant Cynthia Davis opposed. (Doc. 34). On December 17, 2020, Plaintiff filed a Motion for Summary Judgment ("Second MSJ") against the four Correction Officers. (ECF No. 35). For the reasons outlined below, Plaintiff's motions are not well-taken.

**II. Analysis**

*A. Motion for a Temporary Restraining Order*

It appears that Plaintiff requests injunctive relief based on an event he alleges took place on September 9, 2020. (Doc. 28, PageID #208). Plaintiff alleges a staff member came to his cell and stated "we are about to hang you inmate White you should of never filed that lawsuit against us." (Id.). He also states that Lt. Garth Fri, while holding a bundle of sheets and blankets in front of his cell, said "you are lucky today, I was gone (sic) come

in their (sic) and kill you boy," whereupon Defendant Joshua Kinnear allegedly then yelled, "we are going to get you inmate White." (Id., PageID #209). Plaintiff also claims that "Defendants tried to kill Plaintiff on 9-9-20 after he received legal mail from this court." (Id., PageID # 211). He further alleges that Defendant Cynthia Davis is not addressing his safety concerns in that unit (J2), including his alleged issues with staff, purportedly because she has not transferred him out of unit J2, cell number 15. (Id.). Plaintiff states he will "suffer irreparable harm absent the injunction." (Id.).

In exercising its discretion with respect to a motion for a preliminary injunction, a district court must give consideration to four factors: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction. *Rock & Roll Hall of Fame & Museum, Inc. v. Gentile Prods*., 134 F.3d 749, 753 (6th Cir.1998). In the Sixth Circuit, these four factors are to be balanced and are not prerequisites that must be met. Thus, a district court is not required to make specific findings concerning each of the four factors used in determining a motion for preliminary injunction if fewer factors are dispositive of the issue. *Donaldson v. United States*, 86 F. App'x 902, 903 (6th Cir.2004).

Here, Plaintiff has failed to establish the necessary elements for injunctive relief. The record fails to establish a likelihood of success on the merits. Plaintiff has made no attempt to support his claims with any factual evidence. Likewise, he has failed to establish that he will suffer irreparable harm absent injunctive relief. Again, he fails to support his conclusory allegations of irreparable harm with factual evidence.

3

Notably, a movant's burden is even more difficult to satisfy where, as here, a prison inmate seeks an injunction to obtain affirmative relief beyond maintenance of the status quo. See 18 U.S.C. § 3626(a)(2) ("In any civil action with respect to prison conditions ... [p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm."); *Texas v. Camenisch*, 451 U.S. 390, 395, 101 S.Ct. 1830, 68 L.Ed.2d 175 (1981) ("The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held."). Thus, purpose of a preliminary injunction is to prevent irreparable injury and to preserve the Court's ability to render a meaningful decision on the merits (see *United Food & Commercial Workers Union, Local 1099 v. Southwest Ohio Regional Transit Authority*, 163 F.3d 341, 348 (6th Cir.1998).

Plaintiff has failed to allege any actual or imminent injury. To demonstrate irreparable harm, a plaintiff must show "actual and imminent" harm rather than harm that is speculative or unsubstantiated." *Abney v. Amgen*, Inc., 443 F.3d 540, 552 (6th Cir.2006). Other than his conclusory allegations, Plaintiff has not provided any evidence to establish any actual or imminent injury. As such, in consideration of the relevant factors, the undersigned concludes that Plaintiff's motion lacks merit and is not well-taken.

*B. Motions for Summary Judgment*

Plaintiff also moves for summary judgment in regard to Defendants Cynthia Davis, William Bauer, Ryan Tabor, Joshua Kinner and Justin Deerfield. (Docs. 29, 35). Plaintiff's motions are not well-taken.

Federal Rule of Civil Procedure 56(a) provides that summary judgment is proper, "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is "genuine" when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505 (1986). "A fact is 'material' and precludes a grant of summary judgment if proof of that fact would have [the] effect of establishing or refuting one of the essential elements of the cause of action or defense asserted by the parties, and would necessarily affect [the] application of appropriate principle[s] of law to the rights and obligations of the parties." *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984)(quoting Black's Law Dictionary 881 (6th ed. 1979)). The purpose of the procedure is not to resolve factual issues, but to determine if there are genuine issues of fact to be tried. *Lashlee v. Sumner*, 570 F.2d 107, 111 (6th Cir. 1978). A court must view the evidence and draw all reasonable inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348 (1986). Moreover, "[t]he trial court no longer has the duty to search the entire record to establish that it is bereft of a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989)(citing *Frito-Lay, Inc. v. Willoughby*, 863 F.2d 1029, 1034 (D.C. Cir. 1988)). The non-moving party is under an affirmative duty to point out specific facts in the record, as it has been established, which create a genuine issue of material fact. *Fulson v. Columbus*, 801 F. Supp. 1, 4 (S.D. Ohio 1992). "The mere existence of a scintilla of evidence in support of the non-movant is not sufficient; there must be sufficient evidence upon which a jury could reasonably find for the nonmovant." *Anderson*, 477 U.S. at 252. The Sixth Circuit has

instructed lower courts "the nonmoving party 'must do more than simply show that there is some metaphysical doubt as to the material facts.'" *EEOC v. Ford Motor Corp.*, 782 F.3d 753, 770 (6th Cir. 2015)(en banc). In other words, "[w]hen opposing parties tell two different stories, one which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt the version of the facts for purposes of ruling on a motion for summary judgment*." Scott v. Harris*, 550 U.S. 372, 380 (2007). The moving party has the burden of showing an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548 (1986). Once the moving party has met its burden of production, the nonmoving party cannot rest on the pleadings, but must present significant probative evidence in support of his case to defeat the motion for summary judgment. *Anderson*, 477 U.S. at 248-49.

Furthermore, a party asserting that a fact cannot be genuinely disputed must support the assertion by: (1) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (2) showing that the materials cited do not establish the presence of a genuine dispute. Fed. R. Civ. P. 56(c)

Thus, the moving party must "designate specific facts in affidavits, depositions, interrogatories, or other factual material" from which a reasonable jury could find in his favor*. Maston v. Montgomery Cty. Jail Med. Staff Pers*., 832 F.Supp.2d 846, 849 (S.D. Ohio 2011). He "cannot rest on the mere allegations of the pleadings." Id. See also id. at 851-52 (holding that a pro se party cannot rely on allegations or denials in unsworn filings when opposing a motion for summary judgment).

6

Here, Plaintiff's motion for summary judgment as to Defendant Davis asserts that "based on the facts that it can be instantly proven by the camera, documents, and records, it is clear that Defendant Cynthia Davis incouraged (sic) that harm, and injuries of Plaintiff in this matter by not addressing Plaintiff's serious concerns and issues within the prison staff…".(Doc. 29). However, despite this assertion, Plaintiff has not submitted camera footage, documents or records to substantiate his claim that Defendant Davis was deliberately indifferent to his safety concerns[1]. Plaintiff's motions are unsupported by any evidence of record. Notably, Plaintiff filed no affidavits, deposition testimony, exhibits, or other forms of evidence that support his claims against Defendant Davis. Accordingly, Plaintiff's motion for summary judgment with respect to Defendant Davis is not well-taken and should be denied.

Next with respect to the four corrections officer defendants, Plaintiff asserts that they used excessive force in violation of the Eighth Amendment. (Doc. 35). Notably, Plaintiff asserts that CO Deerfield ordered his first cell door opened, and that when it opened, CO Deerfield instructed Plaintiff to cuff-up. (Id.). Plaintiff states that he refused to follow the order to cuff-up because he did not feel safe. (Id.) Plaintiff then claims Defendants sprayed him with OC for no explainable reason.

In support of his motion, Plaintiff attached to his Second MSJ, pages from the Supervisor's Use of Force Summary Report (Doc. 35, Page ID 286-87); a Conduct Report (Id., PageID 288); a Medical Exam Report of Justin Deerfield (Id., PageID 289); another

---

[1] Notably, Plaintiff sought to supplement his motion for summary judgment. In this regard, Plaintiff asserted that he was submitting the video footage/copy of a disc from the December 30, 2019 incident. (Doc. 33, PageID #266). However, there was no video attached to Plaintiff's Motion. Plaintiff also attached a Use of Force Report. In this regard, Plaintiff's motion was granted and the Court herein considers the attachments in its evaluation of Plaintiff's instant motion for summary judgment. However, as explained below, the Use of Force report documents support Defendants' use of force against Plaintiff due to his spitting at officers.

7

Conduct Report (Id., PageID 290-294); and photos of the hallway and of his injuries. (Id., PageID 294-295). Plaintiff did not submit any video footage with his Motion, despite referring to videos several times in his Motion, all the while inferring that such evidence will prove that excessive force was used on him in violation of the Eighth Amendment. However, as noted by Defendants, Plaintiff cannot rely on evidence in support of his Motion that he has not submitted into the record. Further, again as noted by Defendants, most of the evidence submitted by Plaintiff supports Defendants' case – not his own. The Use of Force report documents he included as Exhibit "A" support Defendants' use of force against Plaintiff due to his spitting at officers, as do the two Conduct Reports. (Id., PageID 286- 287). The photos attached as an exhibit indicate that Plaintiff was in a wheelchair with a cut to his upper right shoulder. (Id., PageID #294-295). However, Defendants contend that how he received that injury is not conclusively established merely by the fact that the injury exists.

In light of the foregoing, Plaintiff has failed to produce sufficient evidence to establish that he is entitled to judgment as a matter of law with respect his claims against the correctional officer Defendants.

### III. Conclusion

In light of the foregoing, it is herein **RECOMMENDED** that: 1) Plaintiff's motion for a Temporary Restraining Order (Doc. 28) be **DENIED**; 2) Plaintiff's motion for Summary Judgment as to Defendant Davis (Doc. 29) be **DENIED**; 3) Plaintiff's motion for Summary Judgment as to Defendants William Bauer, Ryan Tabor, Joshua Kinner and Justin Deerfield (Doc. 35) be **DENIED.**

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| JERMEAL WHITE, | Case No. 1:20-cv-101 |
| Plaintiff, | |
| vs. | Black, J.<br>Bowman, M.J. |
| RON ERDOS, *et al.*, | |
| Defendant | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).