# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| JERMEAL WHITE, | : | Case No. 1:20-cv-101 |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| | : | |
| vs. | : | Magistrate Judge Stephanie K. Bowman |
| | : | |
| RONALD ERDOS, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**DECISION AND ENTRY
ADOPTING THE REPORT AND RECOMMENDATIONS
OF THE UNITED STATES MAGISTRATE JUDGE (Doc. 61)
AND TERMINATING THIS CASE IN THIS COURT**

This case is before the Court pursuant to the Order of General Reference to United States Magistrate Judge Stephanie K. Bowman.  28 U.S.C. § 636(b).  Pursuant to such reference, the Magistrate Judge reviewed the pleadings filed with this Court and, on February 16, 2022, submitted a Report and Recommendations ("R&R").  (Doc. 61). Plaintiff Jermeal White ("White") timely filed objections. (Doc. 62).

As required by 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), the Court has reviewed the comprehensive findings of the Magistrate Judge and considered *de novo* all of the filings in this matter.  Upon consideration of the foregoing, the Court finds that the R&R is adopted, White's objections are overruled, and Defendants are entitled to summary judgment.  The Court looks at White's two arguments in turn.

White's first objection is that the Magistrate Judge misidentified a correctional officer in a section of the R&R titled "Applicable Law." (*See* Doc. 62 at PageID# 566).

The reference to "officer Parish" does appear to be a scrivener's error. (Doc. 61 at 6). But this is just an introductory sentence to a section regarding the applicable law. (*Id.*). White does not dispute that the applicable law is correct. Upon the Court's own review, the Court determines that the facts and law are correctly applied to the named Defendants. Thus, this typographical error does not affect the Magistrate Judge's learned analysis of the issues or the ultimate disposition of the case. Accordingly, this objection is noted but not meaningful. It will be overruled.

In his second objection, White states he did in fact properly cite to the record in opposing the summary judgment motion. (Doc. 62 at PageID## 566-567). The Court has reviewed White's opposition and agrees with the Magistrate Judge that White has not backed up his arguments with citations to the record. (Doc. 59). The opposition is just White's version of the events with no references or citations. (*Id.*).

Construing White's opposition and second objection in a very generous light, the Court could infer that a large part of White's opposition is a seeming description of what White believes the video footage of the incident shows—in other words, his opposition indirectly refers to something in the record.[1] Alas, for White, the Magistrate Judge reviewed the video and found that it revealed that excessive force <u>was not used on White</u>. (Doc. 61 at 8). Because the Magistrate Judge did review the video evidence in the record and found that it did not support White's claims or raise a genuine dispute of fact,

---

[1] The Magistrate Judge ordered that Plaintiff be allowed to review video of the footage. (*See* Doc. 57). Defendants then submitted the video footage into the record. (*See* Doc. 61 at 8).

2

White's second objection is not well-taken.[2]

The Court further notes that White, in his objections, seemingly takes no issue with the Magistrate Judge's conclusion that Defendants are entitled to qualified immunity. (Doc. 61 at 13). To prevail over a qualified immunity defense, White would have the burden of proof to demonstrate Defendants had violated a clearly established constitutional right. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 2738 (1982). White has made no real attempt to meet this burden. Taking White's rendition of the facts as illustrated by the video footage as true, the Court nonetheless finds that Defendants are entitled to summary judgment, as the Magistrate Judge properly recommends.

Accordingly:

1. The Report and Recommendations (Doc. 61) is hereby **ADOPTED**;

2. Plaintiff's objections (Doc. 62) are **OVERRULED**; and

3. Defendant's motion for summary judgment (Doc. 50) is **GRANTED**. The Clerk shall enter judgment accordingly whereupon this case is **TERMINATED** from the docket of this Court.

**IT IS SO ORDERED.**

Date: 3/29/2022                                       s/Timothy S. Black
                                                      Timothy S. Black
                                                      United States District Judge

---

[2] In an elaboration of his second objection, White again attempts to characterize the video footage. (Doc. 62 at PageID## 567-57). This is a retread of failed arguments already made rather than a proper objection to the R&R.